# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-60134
Summary Calendar

XING SHENG LIU

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A88 024 007

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Xing Sheng Liu, a native and citizen of China, entered the United States on a nonimmigrant business visitor's visa. After the Department of Homeland Security served on him a Notice to Appear, charging him as subject to removal under the Immigration and Nationality Act (INA), Liu conceded removability but filed an application for withholding of removal and protection under the United Nations Convention Against Torture (CAT). The immigration judge denied relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and ordered Liu removed. The Board of Immigration Appeals (BIA) affirmed. This petition for review followed.

We review the BIA's decision and the immigration judge's rulings and findings, to the extent that the BIA adopts them or they otherwise affect its decision, under the "reasonable adjudicator" standard pursuant to 8 U.S.C. § 1252(b)(4)(B). *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, which "essentially codifies the substantial evidence test established by the Supreme Court in *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)[,]" "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen*, 470 F.3d at 1134 (quotation marks and citations omitted).

On appeal Liu argues that he was persecuted in China, and fears future persecution, on account of his Christian religion and is thus entitled to withholding of removal. Specifically, he asserts that the immigration judge and the BIA erred in holding that the Government had successfully rebutted the presumption (based on established past persecution) of a clear probability that Liu's life or freedom would be threatened if he was returned to China, because it was reasonable for Liu to relocate within China to a place where he would be able to practice his Christian religion without interference from the Chinese government. But having reviewed the administrative record, we find no evidence that would compel a conclusion contrary to the immigration judge's and the BIA's rejection of his claims. *See id.* at 1134, 1138, 1142.

Accordingly, Liu's petition for review is DENIED.